**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>KIDSTLC, INC.,<br><br>Defendant. | Case No. 26-2191-JMK-ADM |

# MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Jane Doe's ("Plaintiff") Motion for Leave to File First Amended Complaint. (ECF 39.) By way of the motion, Plaintiff seeks leave to amend her complaint to assert a new count for outrage/intentional infliction of emotional distress ("IIED") additional factual contentions supporting that claim, and other minor changes. Defendant KidsTLC, Inc. ("KidsTLC") opposes the amendment to add the IIED claim as futile. (ECF 45.) For the reasons explained below, the court grants Plaintiff's motion and permits the filing of an amended complaint.

## I. BACKGROUND

This is a personal injury case stemming from the sexual assault of Plaintiff while she was a minor and under the direct care and supervision of KidsTLC, which operates a psychiatric residential treatment facility. Plaintiff's original complaint alleges three negligence causes of action stemming from the sexual assaults: (Count I) negligent care and supervision/negligence per se; (Count II) negligent hiring/supervision/training/retention; and (Count III) negligent infliction of emotional distress. The complaint also asserts a claim for disability discrimination under Title III of the ADA (Count IV). (ECF 1-1, at 1-20.) KidsTLC denies that it discriminated against

Plaintiff on the basis of disability and further contends that her injury or damage was not caused by KidsTLC but was caused by the negligent conduct of others not under KidsTLC's control, "whose alleged conduct was the superseding or intervening cause of Plaintiff's alleged injuries or damages." (ECF 6, at 17-18.) In addition, KidsTLC alleges that alleged assault was not reasonably foreseeable to it. (*Id*. at 18.)

The scheduling order set July 23, 2026, as the deadline for motions to amend the pleadings. (ECF 15 at 7, ¶ 3(a)). On July 22, Plaintiff filed an unopposed motion to extend that deadline to ten days after the later of the date Plaintiff would receive KidsTLC's initial disclosure materials or the date Plaintiff would receive KidsTLC's responses to written discovery. (ECF 25.) The court granted Plaintiff's motion to the extent the court extended the deadline to file motions to amend the pleadings and join additional parties to September 8, 2026. (ECF 26.) Plaintiff timely filed this motion on September 8 seeking to add an IIED claim as Count IV. KidsTLC opposes the motion as futile.

## II. LEGAL STANDARDS

When, as here, a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982)). The court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed). Whether to grant leave to amend lies within the district court's discretion. *Warnick*, 895 F.3d at 755.

Here, KidsTLC opposes the motion to add the proposed IIED claim on the grounds that the proposed amendment is futile. (ECF 45.) "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In this context, the court considers whether the amended complaint could withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

## III. ANALYSIS

KidsTLC contends that Plaintiff's proposed amendment is futile because it fails to allege facts sufficient to state an IIED claim under Kansas law. (ECF 45.) After considering KidsTLC's futility argument and applying the liberal standards for amendment, the court does not find it

clearly futile. To be clear, the undersigned is not deciding whether the amended claims ultimately would survive a subsequent challenge. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the court simply finds that KidsTLC has not met the "high bar" of establishing that the amendment is clearly futile. *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")). This ruling does not preclude KidsTLC from renewing arguments via a motion to dismiss filed in response to the amended complaint.

In sum, Plaintiff's proposed claim is not clearly futile, and KidsTLC may re-assert its arguments in a dispositive motion. Thus, the court grants Plaintiff leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF 39) is granted. Plaintiff is directed to file her Amended Complaint as a separate docket entry within three business days.

Dated November 2, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge