**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>KIDSTLC, INC.,<br><br>Defendant. | Case No. 26-2191-JMK-ADM |

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's Unopposed Motion to Extend Discovery Deadlines and Modify Scheduling Order. (ECF 57.) By way of the motion, Plaintiff seeks to extend the fact discovery deadline and the expert disclosure deadlines by 60 days, with corresponding adjustments to the remaining pretrial deadlines. The motion states that, since the discovery conference on August 26 regarding Defendant's discovery responses, the parties' counsel have worked "to address and narrow the outstanding discovery disputes" and Defendant has produced "most of the responsive documents," although Defendant is still working on ESI searches and productions. (ECF 57, at 1-2.) Also, the motion explains that the parties postponed a scheduled site inspection of Defendant's facility and several depositions "so that they can proceed on a complete documentary record"; this means that those depositions, plus Defendant's depositions of Plaintiff and her parents, still need to be taken. (*Id.* at 2-3.) Plaintiff also says the parties need time to review records from the Kansas Department for Children and Families and the Olathe Police Department, which the court released to the parties via orders on October 30 (ECF 53, 54). Plaintiff asks for a 60-day extension to allow the parties to complete the remaining

written discovery, conduct the site inspection and depositions, and address "follow-up discovery those events generate." (ECF 57, at 3.)

FED. R. CIV. P. 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent."[1] To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988. Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a finding of good cause. *Id.*

Here, the court denies the motion because Plaintiff has not demonstrated good cause for the requested extension. Discovery has been open since at least May 22, *see* ECF 7, at 1 (setting the Rule 26(f) planning conference deadline of May 22); FED. R. CIV. P. 26(d)(1) (parties may seek discovery after the Rule 26(f) conference in most cases), and the court conducted a scheduling conference on June 11. (ECF 11-12.) The scheduling order requires fact discovery to be substantially completed by December 18, 2026, and all discovery to be commenced or served in time to be completed by March 26, 2027. (ECF 12-1, at 2, 4-5.) This is an extraordinarily lengthy discovery period compared to most other cases in this district, and the court is not necessarily persuaded that the parties were sufficiently diligent in the earlier months of the

[1] The Scheduling Order also requires a showing of good cause for any modifications. (ECF 12, at 9.)

discovery period such that, if they had been, they could not have completed discovery within the time allowed. In fact, the scheduling order specifically noted that the schedule "gives the parties about 6 months for fact discovery and 3 months for expert discovery, with some additional time built in to allow for the holidays" and cautioned the parties that, "because this is such a lengthy schedule, the court will be highly disinclined to grant any further extensions, so the parties should act proactively to complete discovery according to the current schedule." (ECF 12, at 5.)

In addition, Plaintiff's motion makes the erroneous assumption that the requested extension would not affect the trial date. (ECF 57, at 3.) It would. The presiding district judge—like most judges in this district—sets the trial date based on the dispositive-motion deadline (to ensure that dispositive motions will be fully briefed and decided in advance of trial), so the current dispositive-motion deadline must remain firm to keep the trial setting. Further, the pretrial order must be entered before the dispositive-motion deadline, and the proposed pretrial order needs to be finalized and entered sufficiently in advance of the dispositive-motion deadline. And discovery needs to be complete in order to be able to formulate a meaningful pretrial order that crystallizes the issues after the close of discovery. For all of these reasons, the court cannot move the discovery deadline without a cascading effect on subsequent deadlines, including the trial date.

That said, the court denies Plaintiff's motion without prejudice. Plaintiff may renew the motion with the understanding that the March 26, 2027 deadline to complete discovery is firm and all subsequent deadlines and settings remain firm. However, the parties may agree to adjust interim deadlines leading up to the discovery deadline—*i.e.,* compress the case schedule—and then file another motion to extend those deadlines.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion to Extend Discovery Deadlines and Modify Scheduling Order (ECF 57) is denied without prejudice.

**IT IS SO ORDERED.**

Dated November 9, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge