**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>KIDSTLC, INC.,<br><br>Defendant. | Case No. 26-2191-JMK-ADM |

**MEMORANDUM AND ORDER**

Plaintiff previously filed an Unopposed Motion to Extend Discovery Deadlines and Modify Scheduling Order, seeking to extend the deadlines in this case by approximately 60 days. (ECF 57.) The court denied that motion without prejudice, explaining that the March 26, 2027 discovery completion deadline and all subsequent deadlines and settings are firm, but advising the parties that they could file a renewed motion adjusting interim deadlines leading up to the discovery deadline (*i.e.,* compress the case schedule). (ECF 58.) Plaintiff has now filed an Unopposed Renewed Motion to Modify Interim Discovery Deadlines, seeking to extend only the interim deadlines leading up to the discovery deadline. (ECF 59.)

FED. R. CIV. P. 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent."[1] To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). The good-cause requirement "obligates the

[1] The Scheduling Order also requires a showing of good cause for any modifications. (ECF 12, at 9.)

moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988. Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a finding of good cause. *Id.*

Plaintiff's current motion states that, since the discovery conference on August 26 regarding Defendant's discovery responses, the parties have worked to narrow and resolve most of their discovery disputes and Defendant has produced a substantial number of documents, privilege logs, and discovery responses. Defendant is still working on ESI searches and productions through an outside ESI vendor and anticipates producing that ESI to Plaintiff by November 20. The motion also explains that the parties postponed depositions and a site inspection of Defendant's facility until after the ESI production and remaining supplemental materials had been produced, and the parties are now working to reschedule those events. Plaintiff's renewed motion demonstrates good cause for the more modest extension of the schedule and it appears that the parties have a reasonable plan to complete discovery based on the revised schedule. The court therefore grants the motion and extends case deadlines as follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Fact discovery substantially complete | **January 29, 2027** |
| Plaintiff experts disclosed | **February 5, 2027** |
| Defendant experts disclosed | **March 12, 2027** |

All other provisions of the original Scheduling Order remain in effect.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Renewed Motion to Modify Interim Discovery Deadlines (ECF 59) is granted.

**IT IS SO ORDERED.**

Dated November 13, 2026, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge